UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                          Case No.      19-CR-187

ADAIL HAMDAN,

Defendant.

## PLEA AGREEMENT

1.     The United States of America, by its attorneys, Matthew D. Krueger, United

States Attorney for the Eastern District of Wisconsin, and Matthew L. Jacobs, Assistant United

States Attorney, and the defendant, Adail Hamdan, individually and by attorney Christopher J.

Cherella, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the

following plea agreement:

## CHARGES

2.     The defendant has been charged in a one-count information, which alleges a

violation of Title18, United States Code, Section 1001.

3.     The defendant has read and fully understands the charge contained in the

information. He fully understands the nature and elements of the crime with which he has been

charged, and the charges and the terms and conditions of the plea agreement have been fully

explained to him by his attorney.

4.     The defendant voluntarily agrees to waive prosecution by indictment in open

court and to plead guilty to the offense charged in the information, which is set forth in full as

follows:

**THE UNITED STATES ATTORNEY CHARGES:**

1.      On or about May 6, 2019, in the State and Eastern District of Wisconsin,

**MOHAREB A. HAMDAN** and
**ADAIL M. HAMDAN,**

in a matter within the jurisdiction of the executive branch of the Government of the United States, did knowingly and willfully make materially false and fraudulent statements and representations, by making the following statements to representatives of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), an agency within the U.S. Department of Justice, while being jointly interviewed by representatives of the ATF concerning their purchase of tobacco products and the payment of excise taxes on such products: Mohareb Hamdan and Adail Hamdan stated that they had never heard of Sharif Enterprise, Shenango Distributors or AR Distributors and, as far as they could remember, had never purchased tobacco products from these businesses.

2.      The defendants' statements and representations were false and fraudulent because, as the defendants each then and there knew, during the period from January 2015 through February 2018, the defendants made more than 90 purchases of tobacco products from Sharif Enterprise, Shenango Distributors and AR Distributors and paid more than $70,000 for these products.

All in violation of Title 18, United States Code, Section 1001(a)(2).

5.      The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense charged in the information and set forth above in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove beyond a reasonable doubt the facts set forth in Attachment A to this plea agreement. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

This information in Attachment A is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

2

## PENALTIES

6.      The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries a maximum possible penalty of imprisonment for up to (5) years and a fine of up to $250,000. The count also carries a mandatory special assessment of $100, and a maximum of three (3) years of supervised release. The parties further recognize that a restitution order may be entered by the court. The parties' acknowledgments, understandings, and agreements with regard to restitution are set forth in paragraph 24 of this agreement.

7.      The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

## ELEMENTS

8.      The parties understand and agree that in order to sustain the charge of violating 18 U.S.C. §1001, as set forth in the information, the government must prove each of the following propositions beyond a reasonable doubt:

> First, that the defendant made a statement or representation; and
>
> Second, that the statement was false; and
>
> Third, that the statement was material; and
>
> Fourth, that the defendant acted knowingly and willfully; and
>
> Fifth, that the defendant made the statement in a matter within the jurisdiction of the executive branch of the government of the United States.

## SENTENCING PROVISIONS

9.      The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

3

10.     The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

11.     The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw his guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

## Sentencing Guidelines Calculations

12.     The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

13.     The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

4

## Base Offense Level

14.　　The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in the information is 14 under Sentencing Guidelines Manual §§ 2E4.1(a)(2) and 2T4.1(E).

## Acceptance of Responsibility

15.　　The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant continues to exhibit conduct consistent with the acceptance of responsibility.

## Sentencing Recommendations

16.　　Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

17.　　Both parties reserve the right to make any recommendation regarding [any and all factors pertinent to the determination of the sentencing guideline range; the fine to be imposed; the amount of restitution and the terms and condition of its payment; the length of supervised release and the terms and conditions of the release; the defendant's custodial status pending the sentencing; and] any other matters not specifically addressed by this agreement.

18.　　The government agrees to recommend a sentence within the applicable sentencing guideline range, as determined by the court.

## Court's Determinations at Sentencing

19.　　The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The

sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraphs 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

20.     The parties acknowledge, understand, and agree that the defendant may not move to withdraw his guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

21.     The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

22.     The defendant agrees to provide to the Financial Litigation Unit (FLU) of the United States Attorney's Office, at least 30 days before sentencing, and also upon request of the FLU during any period of probation or supervised release imposed by the court, a complete and sworn financial statement on a form provided by FLU and any documentation required the form.

6

## Special Assessment

23.    The defendant agrees to pay the special assessment in the amount of $100 prior to

or at the time of sentencing.

## Restitution

24.    The defendant agrees to pay restitution to the Wisconsin Department of Revenue

for the excise taxes they failed to pay on smokeless tobacco products from out-of-state

distributors, which is estimated to be approximately $42,000. The defendant agrees to cooperate

in efforts to collect the restitution obligation. The defendant understands that imposition or

payment of restitution will not restrict or preclude the filing of any civil suit or administrative

action.

## DEFENDANT'S WAIVER OF RIGHTS

25.    In entering this agreement, the defendant acknowledges and understands that he

surrenders any claims he may have raised in any pretrial motion, as well as certain rights which

include the following:

      a.      If the defendant persisted in a plea of not guilty to the charge against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

      b.      If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

      c.      If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

7

d.    At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

e.    At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

26.    The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

27.    The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

28.    The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

8

## Further Civil or Administrative Action

29.     The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement, including any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

## GENERAL MATTERS

30.     The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

31.     The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

32.     The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

9

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

33.    The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## VOLUNTARINESS OF DEFENDANT'S PLEA

34.    The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.


Date: 10/31/2019

_____
ADAIL HAMDAN
Defendant


I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.


Date: 10/31/19

_____
CHRISTOPHER J. CHERELLA
Attorney for Defendant


For the United States of America:


Date: 11/5/19

_____
MATTHEW D. KRUEGER
United States Attorney


Date: 11/5/2019

_____
MATTHEW L. JACOBS
Assistant United States Attorney


11